Archibald C. Wemple, J.
In essence, the defendant is charged with speeding in a controlled zone on Route 7, at or near the hamlet of Delanson. The defendant asks that a conviction be set aside on several grounds, as follows: 1. That the trial court erred in its rulings; 2. That the defendant did not have a fair trial; and 3. That the People failed to prove the defendant’s guilt beyond a reasonable doubt.
The testimony of the trooper was vague and inconclusive in establishing the elements of the offense charged. The trooper said, on page 3 of the record, that the defendant was going 50 to 55 miles per hour before entering the speed zone on Route 7; and on page 4, that he (the defendant) was going 53 or 54 miles per hour in the speed zone; and on page 10, the trooper states that the defendant ‘ ‘ was in 5 or 10 miles of the limit. ’ ’ And later, on the same page 10 of the record, the same trooper states that the defendant was traveling 45 to 55 miles per hour.
The testimony also indicates that the notation on one of the copies of the ticket issued to the defendant, referring to the speed zone, had been changed from 30 to 35 between the time of issuance of the ticket and the execution of the information. Furthermore, it appears, on page 7 of the record, that counsel for the People offered Exhibits 1 and 2 in evidence, but there is no indication that these exhibits describing the speed zone were ever admitted by the Trial Justice in evidence. The evidence as to the speed at which the defendant was traveling and *150 the specific area in which he was traveling at the illegal rate of speed must be clearly and definitely shown to be violations of the law. They are essential elements of the offense charged.
In this case the burden is on the People to prove the guilt of the defendant beyond a reasonable doubt. A careful reading of the minutes raises such reasonable doubt. While it is assumed that the trooper qualified as an expert in judging speed by reason of his long experience and, therefore, the calibration of the speedometer of the trooper’s car became academic, still, it was an opinion which varied, as noted above. This variation of estimate of the speed of the defendant’s car in the testimony of the arresting trooper and the lack of credible proof as to the locale of the speed zone presents a reasonable question of whether the defendant was guilty as charged.
This court also notes, on pages 30 and 31 of the record, that the Presiding Justice, in effect, ruled on the motion to dismiss before hearing the argument of counsel. The Trial Justice should have heard both sides before ruling on this motion.
The mysterious change in the rate of speed permitted in the zone as noted on the ticket is unexplained, since the trooper testified he knew the zone in question to be a 35-mile zone. The practice of changing any essential part of the summons by correction before preparation and execution of the information is not proper. This court can only speculate as to the reason for the change in the summons.
If it was a human error, it is understandable and should have been admitted by the police officer without changing the copy of the ticket. This change creates an aura of suspicion and further raises a reasonable doubt as to the legal limit of the zone in question. Exhibits 1 and 2 are not in evidence and the trooper’s identification of their location is subject to question.
The People have failed to prove the guilt of the defendant beyond a reasonable doubt and based upon other developments during the proceeding from the time of arrest to the time of the trial, the defendant is justified in questioning whether the trial was fair and impartial. Therefore, the conviction of the defendant is reversed, the fine remitted and any notation on his operator’s license is to be obliterated.
Submit order accordingly.